MANUEL REYES OYOLA, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Defendant and Appellee.

No. AP–62–59.   Decided March 11, 1963.

*Manuel Reyes Oyola* pro se. *J. B. Fernández Badillo, Solicitor General,* and *Rodolfo Cruz Contreras, Deputy Solicitor General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

In *Reyes* v. *Delgado,* 81 P.R.R. 906, we set aside three sentences of life imprisonment and another of 15 year's imprisonment in the penitentiary which had been imposed on defendant and we ordered a new trial.

When defendant appeared again before the Superior Court, Humacao Part, the classification of the offenses of murder in the first degree was reduced to murder in the second degree and defendant pleaded guilty. That court rendered judgment and sentenced him to serve 15, 13 and 10 year's imprisonment in the penitentiary to be served consecutively.[1] Defendant-appellant filed afterwards a petition for habeas corpus before the same court alleging that such sentences were void because the court was without power to impose consecutive sentences, pursuant to § 31 of the Penal Code of Puerto Rico, in force in 1939, whereby the judge was bound to impose concurring sentences. The court denied the petition for habeas corpus and defendant appealed to this Court.

Arguing against the petition, the Solicitor General states as follows:

"It is a well-known legal principle that a person convicted of a crime who succeeds in having the judgment rendered against him set aside by habeas corpus, on the ground that the court which rendered it acted without jurisdiction, may not allege former jeopardy when he is again arrested and accused of that crime. *Berríos* v. *Saldaña,* 61 P.R.R. 563 (1943). Notice the

_____

[1] Indeterminate sentences were not imposed on defendant because on the date of the commission of the offense the Indeterminate Sentences Act was not in force. *Cf. Emanuelli* v. *District Court,* 74 P.R.R. 506.

similarity of the facts of the case *supra* and those of the case at bar.

"In *People* v. *García García,* appeal 16,829, opinion of September 8, 1961, this Honorable Court has said that when a judgment is set aside at the instance of a defendant 'the trial court is in a position to resentence without in any manner whatsoever violating the constitutional provision which prevents an individual from being punished twice for the same offense.' It is further stated in that case that the trial court may even impose greater penalty than the one imposed on him by the first sentence.

"It is obvious that at the time of pronouncing sentence the trial court had power to impose them consecutively.

"Act No. 108 of May 12, 1943, which repealed § 31 of the Penal Code, provided in § 2 that the judge may determine, on pronouncing sentence, whether the prison term imposed therein is to be served consecutively, or if, on the contrary, said prison term shall be served concurrently with any other prison term or terms. In § 5 it provided that when the court does not prescribe the manner in which the prison term imposed in any sentence should be served, the same shall be served consecutively.

"As already pointed out, in the instant case the court determined that the sentences would be served consecutively."

We accept the preceding argument and, consequently, we hold that the judgment rendered by the Superior Court is correct and it will be affirmed.